IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARKS ONE CAR RENTAL, INC. | ) |
| | ) Case No. 2:13-CV-14610 |
| Plaintiff, | ) |
| | ) Judge Avern Cohn |
| v. | ) |
| | ) Magistrate Judge R. Steven |
| AUTO CLUB GROUP INSURANCE | ) Whalen |
| CO., et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS NATIONWIDE INSURANCE COMPANY OF AMERICA, TITAN INSURANCE COMPANY, AND ALLIED INSURANCE COMPANY OF AMERICA'S MOTION TO DISMISS THE COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants Nationwide Insurance Company of America, Titan Insurance Company, and Allied Insurance Company of America (collectively, "Nationwide"), respectfully move this Court for dismissal of the complaint as to Nationwide for failure to state a claim upon which relief can be granted. The reasons for this motion are set forth in the accompanying brief in support.

Pursuant to Local Rule 7.1(a), counsel for Nationwide attempted to contact Plaintiff's counsel but was unable to obtain concurrence in the relief sought.

Respectfully submitted,

/s/ Cheryl A. Bush
Cheryl A. Bush (P37031)
Bush Seyferth Paige Law Offices
3001 West Big Beaver Road, Suite 600
Troy, MI 48084
Telephone: (248) 822-7801
bush@bsplaw.com

OF COUNSEL:

Michael H. Carpenter *(admission pending)*
Katheryn M. Lloyd *(admission pending)*
Carpenter Lipps & Leland LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
carpenter@carpenterlipps.com
lloyd@carpenterlipps.com

*Counsel for Defendants Nationwide Insurance Company of America, Titan Insurance Company, and Allied Insurance Company of America.*

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARKS ONE CAR RENTAL, INC. | ) |
| | ) Case No. 2:13-CV-14610 |
| Plaintiff, | ) |
| | ) Judge Avern Cohn |
| v. | ) |
| | ) Magistrate Judge R. Steven |
| AUTO CLUB GROUP INSURANCE | ) Whalen |
| CO., et al., | ) |
| | ) |
| Defendants. | ) |

**BRIEF IN SUPPORT OF DEFENDANTS NATIONWIDE INSURANCE COMPANY OF AMERICA, TITAN INSURANCE COMPANY, AND ALLIED INSURANCE COMPANY OF AMERICA'S <u>MOTION TO DISMISS THE COMPLAINT</u>**

## STATEMENT OF ISSUE PRESENTED

Should the Court dismiss the complaint under Fed. R. Civ. P. 12(b)(6) as to defendants Nationwide Insurance Company of America, Titan Insurance Company, and Allied Insurance Company of America (collectively, "Nationwide") because the complaint does not contain a short and plain statement of the claims showing entitlement to relief or plead the circumstances surrounding alleged mail and wire fraud conspiracy with particularity?

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) .................................................................................... 2,7,8

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ...................................................................................... 2,3,7

Fed. R. Civ. P. 12(b)(6) ................................................................................ 1,2,7,8,9

Fed. R. Civ. P. 8 ............................................................................................... 1,9

Fed. R. Civ. P. 9(b) .................................................................................. 1,3,4,5,7,9

Fed. R. Civ. P. 8(a)(2) ..................................................................................... 2,8

## I. INTRODUCTION

Plaintiff Marks One Car Rental, Inc. ("Marks One") filed a complaint against twelve defendants, alleging RICO mail and wire fraud conspiracies, tortious interference with a business expectancy, civil conspiracy, unjust enrichment, and violations of MCL 500.2110(b), the Sherman Anti-Trust Act, and the Federal Trade Commission Act. Plaintiff's complaint appears to allege that defendants were involved in illegally steering car rental customers away from plaintiff. The complaint should be dismissed as to defendants Nationwide Insurance Company of America, Titan Insurance Company, and Allied Insurance Company of America (collectively, "Nationwide") for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). With respect to Nationwide, plaintiff fails to provide a short and plain statement of the claims showing entitlement to relief under Fed. R. Civ. P. 8. The complaint also fails to plead the circumstances surrounding alleged mail and wire fraud conspiracy with particularity under Fed. R. Civ. P. 9(b).

Nationwide Insurance Company of America, Titan Insurance Company, and Allied Insurance Company of America are each mentioned exactly once—in the listing of the parties. The only specific information provided for each Nationwide entity is the state in which the entity was incorporated, and that each entity does business in Michigan. Because there are no claims alleged against Nationwide

1

with particularity, and no short and plain statement of any facts as to the Nationwide defendants, the complaint should be dismissed with respect to Nationwide.

## II. LEGAL STANDARD

To state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although it "does not need detailed factual allegations," it must "provide the 'grounds' of [the] 'entitle[ment] to relief,'" with factual allegations that are sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (first alteration supplied & citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Alshaibani v. Litton Loan Servicing, LP*, 528 F. App'x 462, 464 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under this standard, if a plaintiff has "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

"[A] complaint that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Gist v. Citimortgage, Inc.*, Civil Action No. 12-13639, 2013 WL 3455617, at *2 (E.D. Mich. July 9, 2013) (quoting

2

*Iqbal*, 556 U.S. at 678). The Court should not accept the truth of conclusory statements and legal conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Under *Iqbal*, a court must strip away a complaint's legal conclusions and any other conclusory allegations in determining whether it states a claim. *See Iqbal* at 678-79 ("In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of the truth.").

Claims for violations of the Racketeer Influenced and Corrupt Organization Act ("RICO") must satisfy a more exacting standard. In this respect:

> Courts have been particularly sensitive to FED.R.CIV.P. 9(b)'s pleading requirements in RICO cases in which the "predicate acts" are mail fraud and wire fraud, and have further required specific allegations as to *which* defendant caused *what* to be mailed (or made which telephone calls), and *when* and *how* each mailing (or telephone call) furthered the fraudulent scheme.

*Paycom Billing Servs., Inc. v. Payment Res. Int'l*, 212 F. Supp. 2d 732, 736 (W.D. Mich. 2002) (quoting *Gotham Print, Inc. v. American Speedy Printing Ctrs., Inc.*, 863 F. Supp. 447, 458 (E.D. Mich. 1994)).

The Sixth Circuit has applied Rule 9(b) to RICO claims like those asserted in this case. In *Advocacy Organization for Patients and Providers v. Auto Club Insurance Ass'n,* 176 F.3d 315, 325 (6th Cir. 1999), the Sixth Circuit affirmed the

3

dismissal of alleged RICO mail and wire fraud claims. The Court in *Auto Club* stated that the allegation of fraud to establish racketeering activity "shall be stated with particularity." *Auto Club*, 176 F.3d at 322, 323-24. Specifically, the Court found that Rule 9(b) requires that a plaintiff, "at a minimum … allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Id.* at 322. "Courts have frequently held in RICO cases alleging mail fraud and wire fraud as the 'predicate acts,' the underlying fraudulent activities must be pled with particularity." *Paycom*, 212 F. Supp. 2d at 736 (quoting *Berent v. Kemper Corp.*, 780 F. Supp. 431, 448 (E.D. Mich. 1991)). "The plaintiff must also "allege with requisite specificity the false statement of fact on which it relied." *Id.* at 737.

Applying the foregoing standards, the Sixth Circuit in *Auto Club* concluded:

> Other than their general allegation of fraud, Plaintiffs allege no facts indicating that the providers' fees, rather than the insurance companies' payments, were the "reasonable" figures; the general allegation is not sufficient to satisfy Rule 9(b).

*Auto Club*, 176 F.3d at 325. The *Auto Club* case does not stand alone. Conclusory RICO allegations devoid of requisite factual detail are routinely dismissed in Michigan's United States District Courts as a matter of course. *See Wright v. Dunn*, No. 06-122289, 2007 WL 2004650, at *4 (E.D. Mich. July 6, 2007)

("Plaintiff's conclusory allegations neither meet the requirements of 9(b) nor establish predicate acts upon which to base a RICO claim."); *Paycom*, 212 F. Supp. 2d at 736 ("A careful reading of the Complaint reveals that there is not one allegation that any person at AmTrade communicated anything to any person at Paycom, let alone anything that could be construed as fraud. The Complaint accordingly fails to properly allege that AmTrade was involved in racketeering activity."); *Berent*, 780 F. Supp. at 450 ("Plaintiff's conclusory allegations of fraud in their First Amended Complaint fail to satisfy the requirements of Fed.R.Civ.Pro. 9(b) and Fed.R.Civ.Pro. 56."); *Gotham Printing*, 863 F. Supp. at 458 ("[T]he Court finds that Plaintiff's conclusory allegations of mail fraud and wire fraud in Gotham's Second Amended Complaint fail to satisfy the requirements of Fed.R.Civ.Pro. 9(b) and Fed.R.Civ.Pro. 56.").

### III. LAW AND ARGUMENT

**A. Plaintiff Fails To Allege Its RICO Claim Against Nationwide With Particularity.**

Plaintiff's complaint fails to state, with particularity, the substantive elements of its RICO claim against Nationwide. "To establish a RICO violation, plaintiff must show that the defendants engaged in (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity." *Wright*, 2007 WL 2004650, *4 (internal quotes omitted). "In order to establish racketeering activity, plaintiff must allege a predicate act." *Paycom*, 212 F. Supp. 2d at 735. A RICO claim is

properly dismissed where, as here, "the alleged predicate acts are not pled with particularity." *Id.* at 736.

In this case, plaintiff has chosen mail and wire fraud as its alleged predicate acts. *See* Complaint at ¶¶ 23 and 24. Where, as here, the alleged predicate acts are mail and/or wire fraud, the complaint must meet the heightened Rule 9(b) particularity requirements. *See Gotham*, 863 F. Supp. at 458. Specifically, the plaintiff must set forth in the complaint, as to each defendant, the who, what, when, where and how regarding the alleged fraud that took place. *Id.*

Here, however, the complaint fails to set forth any specific instance of alleged fraud as to the Nationwide defendants. Despite plaintiff's apparent awareness of the need to plead with particularity, there is not a single false representation attributed to a Nationwide defendant anywhere in the complaint. Nowhere does the plaintiff allege in the complaint the specific date on which a Nationwide defendant allegedly made a false mailing, the person/s responsible for the alleged false mailing, in what way the alleged mailing was false, the specific content of the mailing, or how the plaintiff relied on such alleged false mailing from Nationwide or was proximately damaged as a result. Further, the complaint does not set forth the specific date on which Nationwide allegedly made a false wire transmission, the party that was responsible for the alleged false wire transmission, in what way the alleged wire transmission was false, the specific

6

content of the wire transmission, or how the plaintiff relied on the alleged false wire transmission from Nationwide or was proximately damaged as a result. The complaint's several generalized references to "defendants" globally is not enough to establish a RICO claim against Nationwide. A RICO complaint is properly dismissed where it does not set out the predicate acts with particularity. *See Paycom*, 212 F. Supp. 2d at 736. Such a complaint should be dismissed under Rule 12(b)(6) for failure to comply with Rule 9(b).

### B. Plaintiff's Remaining Allegations Are Wholly Conclusory and Deficient.

Plaintiff's complaint, which further alleges tortious interference with a business expectancy, civil conspiracy, unjust enrichment, and violations of MCL 500.2110(b), the Sherman Anti-Trust Act, and the Federal Trade Commission Act, does not state a claim upon which relief may be granted. Plaintiff is required to "provide the 'grounds of [the] entitle[ment] to relief'" with factual allegations that are sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. As stated above, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, at 678.

Plaintiff's complaint is just that—a threadbare recitation of the elements of the causes of action with conclusory statements. In fact, plaintiff's complaint is only a recitation of the elements of the cause of action and conclusory statements

7

as to Nationwide. The complaint is completely devoid of further factual enhancement to support any of the causes of action with respect to Nationwide. As noted above, Nationwide is mentioned only on page two (2) of the complaint where the parties are listed. No mention of Nationwide is found in the remaining nineteen (19) pages.

The only information in plaintiff's complaint that could potentially shed light on the basis for plaintiff's claims are conclusory statements that the Court is not required to accept as true. These conclusory statements do not provide a basis to push the claims from conceivable to plausible. For example, the statement, which appears to be the entire basis for plaintiff's complaint, that defendants allegedly have "steered its insured drivers to select a car rental company with which they have a direct-billing agreement," does nothing to shed light on the factual basis for plaintiff's claims, and does not push plaintiff's claims from conceivable to plausible. *See* Complaint at ¶¶ 28, 33, 48, 63 and 67. Where a plaintiff has "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 555 U.S. at 570. Accordingly, this complaint may be properly dismissed under Rule 12(b)(6) for failure to comply with Rule 8(a)(2) as to any cause of action asserted against Nationwide.

## IV. CONCLUSION

Plaintiff has not met the pleading requirements under Rules 8 and 9(b). The complaint not only fails to present facts sufficient to raise a right to relief above a speculative level, but also is completely devoid of factual allegations as to Nationwide. Pursuant to Rule 12(b)(6), the complaint should be dismissed as to Nationwide for failure to comply with the pleading requirements of Rules 8 and 9(b).

Respectfully submitted,

/s/ Cheryl A. Bush
Cheryl A. Bush (37031)
Bush Seyferth Paige Law Offices
3001 West Big Beaver Road
Suite 600
Troy, MI 48084
Telephone: (248) 822-7801
bush@bsplaw.com

OF COUNSEL:
Michael H. Carpenter *(admission pending)*
Katheryn M. Lloyd *(admission pending)*
Carpenter Lipps & Leland LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
carpenter@carpenterlipps.com
lloyd@carpenterlipps.com

*Counsel for Defendants Nationwide Insurance Company of America, Titan Insurance Company, and Allied Insurance Company of America.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **Defendants Nationwide Insurance Company of America, Titan Insurance Company, and Allied Insurance Company of America's Motion to Dismiss The Complaint and Brief In Support** was electronically filed with Clerk of the Court using the ECF system, on the 18th day of December, 2013, which will send notification to all ECF counsel of record, including but not limited to:

**Charles T. Busse**
Balian and Busse
811 South Blvd East
Suite 200
Rochester Hills, MI 48307
248-402-0000
Fax: 248-402-0011
Email: chuck@busselaw.com

**Donald C. Brownell**
Vandeveer Garzia
1450 W. Long Lake Road
Suite 100
Troy, MI 48098-6330
248-312-2800
Fax: 248-267-1242
Email: dbrownell@vgpclaw.com

**Benjamin W. Jeffers**
Dykema Gossett (Detroit)
400 Renaissance Center
Detroit, MI 48243-1668
313-568-6800
Email: bjeffers@dykema.com

**Lori M. McAllister**
Dykema Gossett
201 Townsend
Capitol View Building
Suite 900
Lansing, MI 48933-1551
517-374-9100
Fax: 517-374-9150
Email: lmcallister@dykema.com

**Abe M. Barlaskar**
Plunkett Cooney
38505 Woodward Ave.
Suite 2000
Bloomfield Hills, MI 48304
248-901-4049
Fax: 248-901-4040
Email: abarlaskar@plunkettcooney.com

**Gregory Gromek**
Plunkett & Cooney (Bloomfield Hills)
38505 Woodward Avenue
Suite 2000
Bloomfield Hills, MI 48304-5097
248-901-4000
Email: ggromek@plunkettcooney.com

**Michael P. Coakley**
Miller, Canfield,
150 W. Jefferson Avenue
Suite 2500
Detroit, MI 48226-4415
313-496-7531
Fax: 313-496-8454
Email: coakley@millercanfield.com

**Paul D. Hudson**
Miller, Canfield, Paddock & Stone, P.L.C.
277 S. Rose Street
Suite 5000
Kalamazoo, MI 49007
269-383-5805
Fax: 313-496-8453
Email: hudson@millercanfield.com

**Samantha S. Galecki**
Miller, Canfield, Paddock & Stone, P. L. C.
150 W. Jefferson
Suite 2500
Detroit, MI 48226
313-963-6420
Fax: 313-496-7500
Email: Galecki@millercanfield.com

Notice of this filing will be sent via U.S. Mail to the following party:

**The Farmers Automobile Insurance Association**
Dickinson & Wright, PLLC
215 South Washington Square, Ste. 215
Lansing, Michigan 48933

/s/ Cheryl A. Bush
*One of the Attorneys for Defendants Nationwide Insurance Company of America, Titan Insurance Company, and Allied Insurance Company of America.*

12