## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN

MARKS ONE CAR RENTAL, INC.

        Plaintiff,                Case No. 2:13-cv-14610

                                    Hon. Avern Cohn

v.

AUTO CLUB GROUP INSURANCE COMPANY, a Michigan insurance entity;
THE FARMERS AUTOMOBILE INSURANCE ASSOCIATION, an Illinois
Insurance entity; BRISTOL WEST INSURANCE COMPANY, an Ohio insurance
entity; 21ST CENTURY INSURANCE COMPANY, a California insurance entity;
CITIZENS INSURANCE COMPANY OF AMERICA, a Michigan insurance
entity; NATIONWIDE INSURANCE COMPANY OF AMERICA, a Wisconsin
insurance entity; TITAN INSURANCE COMPANY, a Michigan insurance entity;
ALLIED INSURANCE COMPANY OF AMERICA, an Ohio insurance entity;
FOREMOST INSURANCE COMPANY GRAND RAPIDS MICHIGAN, a
Michigan insurance entity; THE HERTZ CORPORATION, a Delaware
corporation; and ENTERPRISE LEASING COMPANY OF DETROIT, a
Michigan Corporation.

                    Defendants.

_____

| | |
|---|---|
| Charles T. Busse (P49770) | DICKINSON WRIGHT PLLC |
| Balian & Busse, PLC | Joseph A. Fink (P13428) |
| Attorneys for Plainitff | Ryan M. Shannon (P74535) |
| 811 S. Boulevard E., Suite 200 | Attorneys for Defendant Farmers |
| Rochester Hills, MI 48307 | Automobile Insurance Association |
| (248) 402-0000 | 215 S. Washington Square, Suite 200 |
| | Lansing, MI 48933 |
| | (517) 371-1730 |

_____

## DEFENDANT FARMERS AUTOMOBILE INSURANCE ASSOCIATION'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Farmers Automobile Insurance Association, ("Farmers Automobile"), by its attorneys, Dickinson Wright, submits the following Answer and Affirmative Defenses to the Plaintiff's Complaint:

## The Parties

1.     Farmers Automobile denies knowledge and information sufficient to form a belief as to the allegations in paragraph 1 of the Complaint.

2.     This allegation appears to be directed toward another party.  To the extent that a response is required, Farmers Automobile denies knowledge and information sufficient to form a belief as to the allegations in paragraph 2 of the Complaint.

3.     Farmers Automobile admits that it is an Illinois insurance entity, but denies that it writes automobile coverage in Michigan as that allegation is untrue.

4.     This allegation appears to be directed toward another party.  To the extent that a response is required, Farmers Automobile denies knowledge and information sufficient to form a belief as to the allegations in paragraph 4 of the Complaint.

5.     This allegation appears to be directed toward another party.  To the extent that a response is required, Farmers Automobile denies knowledge and information sufficient to form a belief as to the allegations in paragraph 5 of the Complaint.

6.     This allegation appears to be directed toward another party.  To the extent that a response is required, Farmers Automobile denies knowledge and information sufficient to form a belief as to the allegations in paragraph 6 of the Complaint.

7.     This allegation appears to be directed toward another party.  To the extent that a response is required, Farmers Automobile denies knowledge and information sufficient to form a belief as to the allegations in paragraph 7 of the Complaint.

8.     This allegation appears to be directed toward another party.  To the extent that a response is required, Farmers Automobile denies knowledge and information sufficient to form a belief as to the allegations in paragraph 8 of the Complaint.

9.     This allegation appears to be directed toward another party.  To the extent that a response is required, Farmers Automobile denies knowledge and information sufficient to form a belief as to the allegations in paragraph 9 of the Complaint.

10.     This allegation appears to be directed toward another party.  To the extent that a response is required, Farmers Automobile denies knowledge and information sufficient to form a belief as to the allegations in paragraph 10 of the Complaint.

11.    This allegation appears to be directed toward another party.  To the extent that a response is required, Farmers Automobile denies knowledge and information sufficient to form a belief as to the allegations in paragraph 11 of the Complaint.

12.    This allegation appears to be directed toward another party.  To the extent that a response is required, Farmers Automobile denies knowledge and information sufficient to form a belief as to the allegations in paragraph 12 of the Complaint.

13.    This allegation appears to be directed toward another party.  To the extent that a response is required, Farmers Automobile denies knowledge and information sufficient to form a belief as to the allegations in paragraph 13 of the Complaint.

## Jurisdiction and Venue

14.    This allegation sets forth a legal claim to which Farmers Automobile need not respond at this time.  To the extent a response is required, Farmers Automobile denies knowledge and information sufficient to form a belief as to the allegations in paragraph 14 of the Complaint.

15.    Farmers Automobile denies knowledge and information sufficient to form a belief as to the allegations in paragraph 15 of the Complaint.

16.    This allegation sets forth a legal claim to which Farmers Automobile need not respond at this time.   To the extent a response is required, Farmers Automobile denies knowledge and information sufficient to form a belief as to the allegations in paragraph 14 of the Complaint.

## Count I:
## Violation of Racketeer Corrupt Organization Act
## ("RICO") – 18 U.S.C. § 1962 (c) or (d)

### General Rico Averments

**A.    The Enterprise**

17.    Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

18.    Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

**B.      Pattern of Racketeering**

19.      Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.  Farmers Automobile further notes that Plaintiff in this paragraph refers interchangeably to "Farmers Insurance" and "State Farm," neither of which is the same entity as Farmers Automobile.

20.      Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

**C.      RICO Offenses**

21.      Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers

6

Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

22.    Farmers Automobile denies these allegations as untrue.    Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

## D.    Predicate Offenses

### (1) Mail Fraud

23.    Farmers Automobile denies these allegations as untrue.    Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

### (2) Wire Fraud

24.    Farmers Automobile denies these allegations as untrue.    Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental

services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

## Count II:
## Tortious Interference with Business Expectancy

25.     Farmers Automobile incorporates by reference all answers to the allegations of Plaintiff's Complaint previously set forth as though fully set forth here.

26.     Farmers Automobile denies knowledge and information sufficient of form a belief as to the allegations in paragraph 26 of the Complaint.

27.     Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

28.     Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers

Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

29.    Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

30.    Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

31.    Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

## Count III: Violation of the Michigan Insurance Code –
## Michigan Anti-Steering Statute – MCL 500.2110(b)

32.    Farmers Automobile incorporates by reference all answers to the allegations of Plaintiff's Complaint previously set forth as though fully set forth here.

33.    Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

34.    Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

35.    Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers

Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

## Count IV: Violation of the Sherman Anti-Trust Act

36.     Plaintiff has mis-numbered paragraph 36 of its Complaint as the heading of Plaintiff's Count IV.  To the extent response is required, Farmers Automobile denies that it has committed any violation of the Sherman Anti-Trust Act as that allegation is untrue.

37.     Farmers Automobile incorporates by reference all answers to the allegations of Plaintiff's Complaint previously set forth as though fully set forth here.

38.     Farmers Automobile denies these allegations as untrue.  Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

39.     Farmers Automobile denies these allegations as untrue.  Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers

Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

40.    Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

41.    This allegation sets forth a legal claim to which Farmers Automobile need not respond at this time.  To the extent a response is required, Farmers Automobile denies as untrue that it caused any of the injuries identified in paragraph 40 of Plaintiff's Complaint.  Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

42.    This allegation sets forth a legal claim to which Farmers Automobile need not respond at this time.  To the extent a response is required, Farmers Automobile denies as untrue that it participates in the relevant geographic or product market as Farmers Automobile does not write automobile coverage in

Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff. Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

43. Farmers Automobile denies these allegations as untrue. Stating further, Farmers Automobile denies as untrue that it participates in the relevant market as Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff. Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

## Count V: Violation of Federal Trade Commission Act 15 & 145 – Unlawful and Deceptive Trade Practices

44. Farmers Automobile incorporates by reference all answers to the allegations of Plaintiff's Complaint previously set forth as though fully set forth here.

45. FTCA §§ 15 & 45 are statutes which speak for themselves and thus no response to the allegation is required. To the extent a response is required, Farmers Automobile denies that it has violated FTCA §§ 15 & 45 as any such allegation is untrue.

46.     Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

47.     Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

48.     Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

49.     Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not employ and has not employed an individual

named Mark Ott.   Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

50.   Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not employ and has not employed an individual named Mark Ott.   Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

51.   Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not employ and has not employed individuals named Steve Wezner or Kevin Wegrzyowicz.   Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

52.   Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.   Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

53.    Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

54.    Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not employ and has not employed individuals named Brian Murphy or Mark Ott.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

55.    Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not employ and has not employed individuals named Brian Murphy or Mark Ott.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

56.    Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not employ and has not employed an individual named Mark Ott.   Farmers Automobile believes Plaintiff has named Farmers

Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

57.  Farmers Automobile denies these allegations as untrue.  Stating further, Farmers Automobile does not employ and has not employed an individual named Thomas Berry.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

58.  Farmers Automobile denies these allegations as untrue.  Stating further, Farmers Automobile does not employ and has not employed an individual named Thomas Berry.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

59.  Farmers Automobile denies these allegations as untrue.  Stating further, Farmers Automobile does not employ and has not employed any of the individuals identified as having committed the acts described in Plaintiff's Complaint.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

**Count VI: Civil Conspiracy**

60.     Farmers Automobile incorporates by reference all answers to the allegations of Plaintiff's Complaint previously set forth as though fully set forth here.

61.     Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

62.     Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

63.     Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers

Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

64.     Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

65.     Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

## Count VII: Unjust Enrichment

66.     Farmers Automobile incorporates by reference all answers to the allegations of Plaintiff's Complaint previously set forth as though fully set forth here.

67.     Farmers Automobile denies these allegations as untrue.   Stating further, Farmers Automobile does not write automobile coverage in Michigan and

has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile believes Plaintiff has named Farmers Automobile in its Complaint in error while seeking to name another insurance company with a similar name.

68.    This allegation appears to be directed toward another party.  To the extent that a response is required, Farmers Automobile denies knowledge and information sufficient to form a belief as to the allegations in paragraph 68 of the Complaint.

69.    This allegation appears to be directed toward another party.  To the extent that a response is required, Farmers Automobile denies knowledge and information sufficient to form a belief as to the allegations in paragraph 69 of the Complaint, except that, to the extent paragraph 69 can be read as an allegation that Farmers Automobile wrongfully made payments to the Defendant Rental Car Companies, such allegation is denied as untrue.

WHEREFORE, Farmers Automobile respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice as regards Farmers Automobile, and award to Farmers Automobile its costs and attorney's fees incurred in responding to Plaintiff's Complaint.  Farmers Automobile reserves the right to amend its responses as stated above and to the extent consistent with the Federal Rules of Civil Procedure.

## **Affirmative Defenses**

Defendant Farmers Automobile Insurance Association ("Farmers Automobile"), by its attorneys, Dickinson Wright PLLC, and for its Affirmative Defenses to Plaintiff's Complaint, states as follows:

1.     Plaintiff's Complaint fails, in whole or in part, because it fails to state a claim upon which relief can be granted.

2.     Plaintiff's Complaint fails, in whole or in part, because Plaintiff has failed to plead its claims with specificity.

3.     Plaintiff is barred from any remedy against Farmers Automobile because Plaintiff's damages, if any, were caused in whole or in part by the acts, omissions, fraud, or misrepresentations of others, whose conduct Farmers Automobile did not control and for whose conduct Farmers Automobile was not responsible.

4.     Plaintiff has named Farmers Automobile as a Defendant in error. Plaintiff refers interchangeably to "Farmers Automobile Insurance Association," "Farmers Insurance," and "State Farm," in its Complaint even though these are separate insurance identities.   Farmers Automobile does not write automobile coverage in Michigan and has had no business relationship, including no arrangement for direct bill car rental services, with Plaintiff.  Farmers Automobile employs none of the persons identified as committing the acts described in the

Complaint.  Stating further, Farmers Automobile, upon receipt of the Summons and Complaint, alerted Plaintiff's counsel of Plaintiff's error by multiple communications, including:

> a.    On December 6, 2013, Farmers Automobile called the offices of Plaintiff's Counsel and left a message with counsel's staff explaining that Farmers Automobile was not the proper Defendant.  Farmers Automobile received no response.

> b.    On December 12, 2013, Farmers Automobile by e-mail notified Plaintiff's counsel of record of Plaintiff's error, and requested that Plaintiff confirm the error and voluntarily withdraw its Complaint.  Farmers Automobile received no response.

> c.    Multiple times between December 18 and December 19, counsel for Farmers Automobile phoned and left messages with staff at the offices of counsel for Plaintiff explaining that Farmers Automobile had been named as the Defendant in error.  These calls were not returned by counsel.

Due to the above communications and Plaintiff's own failure to properly investigate the facts prior to filing its Complaint, Plaintiff either knew or should have known that Farmers Automobile was not the proper Defendant and Plaintiff's continued failure to correct its error is unreasonable.

5.      Farmers Automobile reserves the right to amend or add to its affirmative defenses as they become apparent through discovery or otherwise.

WHEREFORE, Farmers Automobile respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice as regards Farmers Automobile, and award to Farmers Automobile its costs and attorney's fees incurred in responding to Plaintiff's Complaint.

DICKINSON WRIGHT PLLC

By:  /s/Ryan M. Shannon_____
        Joseph A. Fink (P13428)
        Ryan M. Shannon (P74535)
Attorneys    for    Defendant    Farmers
Automobile Insurance Association
215 S. Washington Sq., Suite 200
Lansing, MI 48933

December 26, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

DICKINSON WRIGHT PLLC

By:  /s/Ryan M. Shannon_____
        Ryan M. Shannon (P74535)

LANSING 34626-2 487541v1

23