UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARKS ONE CAR RENTAL, INC.,

        Plaintiff,                Case No. 13-cv-14610

v.                               Hon. Avern Cohn

AUTO CLUB GROUP INSURANCE COMPANY,
a Michigan insurance entity; THE FARMERS
AUTOMOBILE INSURANCE ASSOCIATION, an
Illinois insurance entity; BRISTOL WEST INSURANCE
COMPANY, an Ohio insurance entity; HELPPOINT
CLAIM SERVICES, an Illinois corporation;
21ST CENTURY INSURANCE COMPANY,
a California insurance entity, CITIZENS
INSURANCE COMPANY OF AMERICA,
Michigan insurance entity; NATIONWIDE
INSURANCE COMPANY OF AMERICA,
a Wisconsin insurance entity; TITAN INSURANCE
COMPANY, a Michigan insurance entity;
ALLIED INSURANCE COMPANY OF
AMERICA, an Ohio insurance entity; FOREMOST
INSURANCE COMPANY GRAND RAPIDS MICHIGAN,
a Michigan insurance entity; THE HERTZ CORPORATION,
a Delaware Corporation; and ENTERPRISE LEASING
COMPANY OF DETROIT, a Michigan Corporation,

        Defendants.

_____

**CERTAIN INSURANCE DEFENDANTS'**
**JOINT MOTION TO DISMISS THE AMENDED COMPLAINT**

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

_____

Charles T. Busse (P49770)
Balian & Busse, PLC
*Attorneys for Plaintiff*
811 S. Boulevard E., Suite 200
Rochester Hills, MI  48307
(248) 402-0000
(248) 402-0011
chuck@busselaw.com

Benjamin W. Jeffers (P57161)
Dykema Gossett PLLC
*Attorneys for Defendants Bristol West*
  *Insurance Company; 21st Century*
  *Insurance Company and Foremost*
  *Insurance Company Grand Rapids,*
*Michigan*
400 Renaissance Center
Detroit, MI  48243
(313) 568-5340
bjeffers@dykema.com

Joseph A. Ahern (P38710)
Amanda A. Kill (P68988)
Ahern & Kill
*Attorneys for Plaintiff*
430 N. Old Woodward, Second Floor
Birmingham, MI  48009
(248) 723-6101
jahern@ahernkill.com
akill@ahernkill.com

Lori McAllister (P39501)
Dykema Gossett PLLC
*Attorney for Defendant Citizens*
  *Insurance Company of America*
201 Townsend Street, Suite 900
Lansing, MI  48933
(517) 374-9150
lmcallister@dykema.com

Joseph A. Fink (P13428)
Ryan M. Shannon (P74535)
Dickinson Wright PLLC
*Attorneys for Defendant Farmers*
  *Automobile Insurance Association*
215 S. Washington Square, Suite 200
Lansing, MI  48933
(517) 371-1730
rshannon@dickinsonwright.com

Gregory Gromek (P30164)
Abe Barlaskar (P75171)
Chiara F. Mattieson (P64390)
Plunkett Cooney
*Attorneys for Defendant Hertz*
38505 Woodward Ave., Suite 2000
Bloomfield Hills, MI  48034
(248) 901-4030
ggromek@plunkettcooney.com
abarlaskar@plunkettcooney.com
cmattieson@plunkettcooney.com

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

Cheryl A. Bush (P37031)
Bush Seyferth & Paige PLLC
*Attorney for Defendants Nationwide*
  *Insurance Company of America, Titan*
  *Insurance Company, and Allied*
  *Insurance Company of America*
3001 W. Big Beaver Rd., Ste 600
Troy, MI  48084
(248) 822-7801
bush@bsplaw.com

Michael P. Coakley (P34578)
Paul D. Hudson (P69844)
Samantha S. Galecki (P74496)
Miller, Canfield, Paddock and Stone
*Attorneys for Defendant Enterprise*
  *Leasing Company of Detroit*
150 W. Jefferson, Suite 2500
Detroit, MI  48226
(313) 963-6420
coakley@millercanfield.com
hudson@millercanfield.com
galecki@millercanfield.com

Donald C. Brownell (P48848)
Vandeveer Garzia, P.C.
*Attorney for Defendant Auto Club*
  *Group Insurance Company*
1450 W. Long Lake Rd., Suite 100
Troy, MI  48098
(248) 312-2800
dbrownell@vgpclaw.com

---

### DEFENDANTS BRISTOL WEST INSURANCE COMPANY, 21ST CENTURY INSURANCE COMPANY, FOREMOST INSURANCE COMPANY, FARMERS INSURANCE EXCHANGE, CITIZENS INSURANCE COMPANY OF AMERICA, THE FARMERS AUTOMOBILE INSURANCE ASSOCIATION, AND AUTO CLUB GROUP INSURANCE COMPANY'S JOINT MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6), defendants Bristol West Insurance, 21st Century Insurance Company, Farmers Insurance Exchange, Foremost Insurance Company, Citizens Insurance Company of America, the Farmers Automotive Insurance Association, and Auto Club Group

Insurance Company respectfully move this Court for dismissal of the Complaint for failure to set forth a short and plain statement and for failure to state a claim upon which relief can be granted.  The reasons for this motion are set forth in the accompanying brief in support.

Pursuant to Local Rule 7.1(a), Plaintiff's counsel was contacted but would not concur in the relief sought.

By:  /s/ Benjamin W. Jeffers
Benjamin W. Jeffers (P57161)
Dykema Gossett PLLC
*Attorneys for Defendants Bristol West*
  *Insurance Company; 21st Century*
  *Insurance Company, Farmers Ins.*
*Exchange and Foremost Insurance*
*Company*
400 Renaissance Center
Detroit, MI  48243
(313) 568-5340
bjeffers@dykema.com

By:  /s/ Lori McAllister
Lori McAllister (P39501)
Dykema Gossett PLLC
*Attorney for Defendant Citizens*
  *Insurance Company of America*
201 Townsend Street, Suite 900
Lansing, MI  48933
(517) 374-9150
lmcallister@dykema.com

By:  /s/ Donald C. Brownell (w/consent)
Donald C. Brownell (P48848)
Vandeveer Garzia, P.C.
*Attorney for Defendant Auto Club*
  *Group Insurance Company*
1450 W. Long Lake Rd., Suite 100
Troy, MI  48098
(248) 312-2800
dbrownell@vgpclaw.com

By: /s/ Ryan M. Shannon (w/consent)
Ryan M. Shannon (P74535)
Dickinson Wright PLLC
*Attorneys for Defendant Farmers*
  *Automobile Insurance Association*
215 S. Washington Square, Suite 200
Lansing, MI  48933
(517) 371-1730
rshannon@dickinsonwright.com

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARKS ONE CAR RENTAL, INC.,

               Plaintiff,               Case No. 13-cv-14610

v.                                Hon. Avern Cohn

AUTO CLUB GROUP INSURANCE COMPANY,
a Michigan insurance entity; THE FARMERS
AUTOMOBILE INSURANCE ASSOCIATION, an
Illinois insurance entity; BRISTOL WEST INSURANCE
COMPANY, an Ohio insurance entity; HELPPOINT
CLAIM SERVICES, an Illinois corporation;
21ST CENTURY INSURANCE COMPANY,
a California insurance entity, CITIZENS
INSURANCE COMPANY OF AMERICA,
Michigan insurance entity; NATIONWIDE
INSURANCE COMPANY OF AMERICA,
a Wisconsin insurance entity; TITAN INSURANCE
COMPANY, a Michigan insurance entity;
ALLIED INSURANCE COMPANY OF
AMERICA, an Ohio insurance entity; FOREMOST
INSURANCE COMPANY GRAND RAPIDS MICHIGAN,
a Michigan insurance entity; THE HERTZ CORPORATION,
a Delaware Corporation; and ENTERPRISE LEASING
COMPANY OF DETROIT, a Michigan Corporation,

               Defendants.

_____

## BRIEF IN SUPPORT OF CERTAIN INSURANCE DEFENDANTS' JOINT MOTION TO DISMISS

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

## <u>STATEMENT OF ISSUES PRESENTED</u>

Should the Court dismiss the Amended Complaint where it fails to set forth factual detail sufficient to satisfy Fed. R. Civ. P. 8 and fails to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6)?

# <u>TABLE OF CONTENTS</u>

**Page**

STATEMENT OF ISSUES PRESENTED...............................................................i

TABLE OF AUTHORITIES ...............................................................................iv

I.   INTRODUCTION AND SUMMARY OF ARGUMENTS ...............................1

II.  PLAINTIFF'S ALLEGATIONS ..........................................................3

III. LEGAL STANDARDS ........................................................................4

IV. ARGUMENT..........................................................................................5

   A.  Rule 8(a)(2): Plaintiff Fails To Identify What Each Defendant Supposedly Did, When, Why, How, And To Whom. ....................................................5

   B.  Rule 12(b)(6): The Individual Counts Do Not State A Plausible Claim For Relief..................................................................................................7

     1. Count I: Plaintiff fails to allege essential elements and detail sufficient to state a claim under RICO....................................................................7

     2. Count II: Plaintiff's Tortious Interference claim is not premised on any improper conduct. ....................................................................12

       a.   Plaintiff fails to allege a per se wrongful act or a lawful act which was not justified by law. ............................................................12

       b.   The tortious interference claims fail because defendants have legitimate business reasons to seek cost effective repairs and services, and to refer their policyholders to selected vendors. ......15

     3. Count III: There is no private cause of action under Chapter 21 of the Michigan Insurance Code. ....................................................................16

     4. Count IV: The purported Sherman Act monopolization is fatally flawed for numerous reasons. ..........................................................................18

     5. Count V: The FTC Act claim should be dismissed because there is no private right of action..........................................................................22

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

6. Count VI: Plaintiff cannot proffer a civil conspiracy claim where there is no underlying tort. ...............................................................................23

7. Count VII: The Unjust Enrichment Claim is not logical and does not allege the requisite elements. ...............................................................24

8. Count VIII: The 42 U.S.C. § 1981 Fails Under The Twombly/Iqbal Plausibility Standard ...............................................................................24

9. Count IX: The 42 U.S.C. § 1985 Claim Fails Because The Predicate §1981 Claim Fails And Also Fails Under The *Twombly/Iqbal* Plausibility Standard ...............................................................................26

V. CONCLUSION ...............................................................................28

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abdullah v. Small Bus. Banking Dep't of Bank of Am.*,
  532 F. App'x 89 (3d Cir. 2013)...........................................................................25

*Advocacy Org. for Patients & Providers v. Auto Club Ins. Assoc.*,
  257 Mich.App. 365, 670 N.W.2d 569 (2003), aff'd 472 Mich. 91, 693
  N.W.2d 358 (2005) ........................................................................................23

*Amini v. Oberlin Coll.*,
  440 F.3d 350 (6th Cir. 2006) ...........................................................................25

*AOPP v. Auto Club Ins. Ass'n*,
  176 F.3d 315 (6th Cir. 1999) ...........................................................................15

*Ashcroft v Iqbal*,
  556 U.S. 662 (2009).................................................................................passim

*Associated Gen. Contractors of California, Inc. v. Cal. State Council of
  Carpenters*,
  459 U.S. 519 (1983)........................................................................................20

*Atuahene v. City of Hartford*,
  10 Fed. App'x 33, 2001 WL 604902 (2d Cir. May 31, 2001)...............................5

*Baglio v. Baska*,
  940 F. Supp. 819 (W.D. Pa. 1996), *aff'd* 116 F.3d 467 (1st Cir. 1997) .............12

*Barber v. SMH, Inc.*,
  202 Mich. App. 366 (1994) .............................................................................24

*Bass v. Robinson*,
  167 F.3d 1041 (6th Cir.1999) ..........................................................................27

*Baum Research & Dev., Inc. v. Hillerich & Bradsby Co., Inc.*,
  31 F. Supp. 2d 1016 (ED Mich. 1998) .............................................................21

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).................................................................................4, 5, 25

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

*Berent v. Kemper Corp.*,
 780 F. Supp. 431 (E.D. Mich. 1991), aff'd, 973 F.2d 1291 (6th Cir. 1992) ......10

*Boyle v. United States*,
 556 U.S. 938, 129 S.Ct. 2237, 173 L.Ed. 2d 1265 (2009) ............................9, 10

*BPS Clinical Labs v. Blue Cross & Blue Shield of Mich.*,
 217 Mich. App. 687; 552 N.W.2d 919 (1996), lv den, 456 Mich. 881
 (1997), cert den, 522 U.S. 1153 (1998) .............................................................15

*Brighton CD Antitrust Litig.*,
 200 FRD 326, 331 (ED Mich. 2001) ...................................................................22

*Brighton Optical, Inc. v. Vision Service Plan*,
 422 F. Supp. 2d 792 (E.D. Mich. 2006) .............................................................21

*Care Heating & Cooling, Inc. v. American Standard, Inc.*,
 427 F.3d 1008 (6th Cir. 2005) .............................................................................21

*Carrier Corp. v. Outokumpu Oyj*,
 673 F.3d at  445 ....................................................................................................7

*Craighead v. E.F. Hutton & Co.*,
 899 F.2d 485 (6th Cir. 1990) ................................................................................9

*Creelgroup v. NGS American, Inc.*,
 2012 WL 1288480 (E.D. Mich., April 16, 2012) (Cohn, J.) .............................13

*DirectTV, Inc. v. Milliman*,
 2003 WL 23892683 (E.D. Mich., Aug. 26, 2003) (Cohn, J.).............................8

*Foundation for Interior Design Educ. Research v. Savannah College of Art
 & Design*,
 73 F. Supp. 2d 829 (WD Mich. 1999) ................................................................22

*FTC v. Owens–Corning Fiberglas Corp.*,
 853 F.2d 458 (6th Cir.1988) ...............................................................................23

*Gauvin v. Trombatore*,
 682 F. Supp. 1067 (N.D. Cal. 2003)......................................................................5

*Gilchrist v. State Farm Mutual Automobile Ins. Co.*,
 390 F.3d 1327 (6th Cir. 2004) ......................................................................18, 19

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

*Gotham Print, Inc. v. American Speedy Printing Centers, Inc.*,
  863 F. Supp. 447 (E.D. Mich. 1994) ............................................................10, 11

*Hall Am. Ctr. Assoc., Ltd. Partnership v. Dick*,
  726 F. Supp. 1083 (E.D. Mich. 1989) ...............................................................10

*Hamilton County Board of Commissioners v. The National Football League*,
  445 F.Supp.2d 835 (S.D. Ohio, 2005) ...............................................................22

*Heaton v. Bank of America Corp.*,
  2011 WL 3112325 (E.D. Mich. 2011) (Cohn, J.).................................................9

*Hoover v. Langston Equip. Assoc., Inc.*,
  958 F.2d 742 (6th Cir. 1992) ............................................................................10

*In re Sagent Tech., Inc.*,
  278 F. Supp. 2d 1079 (N.D. Cal. 2003) ...............................................................6

*In re Travel Agent Commission Antitrust Litig.*,
  583 F.3d 896 (6th Cir. 2009) ...............................................................................6

*Johnson v. Hills & Dales Gen. Hosp.*,
  40 F.3d 837 (6th Cir. 1994) ...............................................................................26

*LaMothe v. Auto Club Ins. Ass'n*,
  214 Mich. App. 577; 543 N.W.2d 42 (1995) lv den, 453 Mich. 930; 554
  N.W.2d 916 (1996) ...........................................................................................15

*Maxberry v. Sallie Mae Educ. Loans*,
  532 F. App'x 73 (3d Cir. 2013).........................................................................27

*McGill v. Auto Ass'n*,
  207 Mich. App. 402; 526 N.W.2d 12 (1994) ....................................................15

*McLiechey v. Bristol West Ins. Co.*,
  474 F.3d 897 (2007).........................................................................................17

*Mich. Div. Monument Builders v. Mich. Cemetery Ass'n*,
  458 F. Supp. 2d 474 (E.D. Mich. 2006), aff'd 524 F.3d 726 (6th Cir.
  2008) ..................................................................................................................6

*Mich. Podiatric Med. Assoc. v. Nat'l Foot Care Program, Inc*.,
  175 Mich. App. 723; 438 N.W.2d 349 den, 453 Mich. 959 (1989).......13, 14, 15

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

*MidWest Auto Auction, Inc. v. McNeal*,
  2012 WL 3478647 ..................................................................................16, 21

*Morales v. Walker Motors Sales, Inc.*,
  162 F.Supp.2d 786 (S.D.Ohio 2000) ...................................................23

*Murray v. Chrysler Group, LLC*,
  2013 U.S. Dist. LEXIS 135217 (E.D. Mich. September 23, 2013) ....................7

*New Albany Tractor, Inc. v. Louisville Tractor, Inc.*,
  650 F.3d 1046 (6th Cir. 2011) ...........................................................5

*NicSand, Inc. v. 3M Co.*,
  507 F.3d 442 (6th Cir. 2007) ............................................................20

*Painter's Mill Grille, LLC v. Brown*,
  716 F.3d 342 (4th Cir. 2013) ............................................................27

*Prasad v. City of New York*,
  370 F. App'x 163 (2d Cir. 2010) ........................................................27

*Prysak v. R. L. Polk Co.*,
  193 Mich. App. 1; 483 N.W.2d 629 (1992) .................................12, 13

*Reves v. Ernst & Young*,
  507 U.S. 170 (1993)........................................................................11

*Sam Han v. University of Dayton*,
  13-3048, 2013 WL 5943207 (6th Cir. Nov. 5, 2013)..................25, 26

*Santana Products, Inc. v. Sylvester & Associates, Ltd.*,
  121 F.Supp.2d 729 (E.D.N.Y. 1999) ...............................................22

*Spectrum Sports, Inc. v. McQuillan*,
  506 U.S. 447, 113 S.Ct. 884 (1993)..................................................20

*Stone v. Kirk*,
  8 F.3d 1079 (6th Cir. 1993) ..............................................................11

*Trepel v. Pontiac Osteopathic Hosp*,
  135 Mich. App. 361; 354 N.W.2d 341 (1984), lv den, 422 Mich. 853
  (1985)...........................................................................................13

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

*United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*,
    463 U.S. 825 (1983)................................................................27

*United States v. Johnson*,
    440 F.3d 832 (6th Cir. 2006) ...........................................................8

*Volunteer Med. Clinic, Inc. v. Operation Rescue*,
    948 F.2d 218 (6th Cir. 1991) ..........................................................27

*Wilkey v. Hull*,
    366 Fed.Appx. 634 (6th Cir. 2010).....................................................14

## RULES

Fed. R. Civ. P. 8(a)(2)......................................................................1, 4, 5

Fed. R. Civ. P. 9(b) .........................................................................10, 11

Fed. R. Civ. P. 12(b)(6)....................................................................2, 4, 7

Fed. R. Civ. P. 15(a)(1)(B) ...................................................................1

## STATUTES

Federal Trade Commission Act. .........................................................1, 2, 23

McCarran-Ferguson Act, 15 U.S.C. §1012 (1999)...............................2, 18, 19, 20

Mich. Comp. Laws § 500.2101 *et seq* ......................................................16

Mich. Comp. Laws § 500.2110b...........................................................8, 19

Mich. Comp. Laws § 500.2110b(1) ...........................................................14

Mich. Comp. Laws § 500.2110b(2) ...........................................................16

Mich. Comp. Laws § 500.2110b(3) ...........................................................17

Mich. Comp. Laws § 500.2113 and 500.2114.................................................17

RICO ....................................................................................passim

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

## I.   INTRODUCTION AND SUMMARY OF ARGUMENTS

This is a commercial dispute brought by a local car rental and repair shop against thirteen different defendants – ten insurers, one alleged insurance claim servicer, and two vehicle rental companies.  Plaintiff alleges that the Defendants conspired to steer various unidentified customers away from Plaintiff's business and to other car rental or repair facilities.  Beyond that basic allegation, however, the Amended Complaint contains virtually no details about what supposedly occurred here, and absolutely no facts with respect to the insurers jointly moving for relief pursuant to this Motion.[1]

The Amended Complaint ("Complaint")[2] contains a kitchen-sink of claims ranging from RICO, tortious interference, civil conspiracy, and unjust enrichment, to alleged violations of the Michigan Insurance Code, the Sherman Act, the Federal Trade Commission Act and §1981.  The claims do not contain allegations sufficient to satisfy Fed. R. Civ. P. 8(a)(2) because the defendants are not on notice

---

[1]   This motion is brought on behalf of Defendants that are insurance companies:  Bristol West Insurance, 21st Century Insurance Company, Farmers Insurance Exchange, Foremost Insurance Company, Citizens Insurance Company of America, the Farmers Automotive Insurance Association, and Auto Club Group Insurance Company.  Plaintiff also named "HelpPoint Claims Services" as a defendant. Farmers Insurance Exchange states that "HelpPoint" is a Farmers service mark, and that the mark is a name used by Farmers to identify services its claims department provides.  But "HelpPoint" is not a standalone corporate entity. Insofar as Plaintiff believes there is such a corporate entity, it is not affiliated with Farmers Insurance Exchange.

[2]   After Defendants Nationwide, Titan and Allied filed a motion to dismiss, Plaintiff exercised its right to amend the Complaint once as of right, thereby superseding the original Complaint. Fed. R. Civ. P. 15(a)(1)(B).

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

of what they supposedly did, when, why, how, and to whom.  The Complaint is based on group-pleading and conclusory assertions, which is reason enough to dismiss it in its entirety.  Additionally, each count fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6) as follows:

- Count I (RICO): Plaintiff fails to allege essential elements and detail sufficient to state a claim;

- Count II (Tortious Interference): Plaintiff fails to allege a *per se* wrongful act, which is necessary to support the claim.  Further, Defendants have a legitimate business interest in identifying for customers the rental service providers with whom they have a direct bill relationship to achieve the most cost effective coverage for their policyholders;

- Count III (MCL §500.2110b): There is no private cause of action under Chapter 21 of the Michigan Insurance Code;

- Count IV (Monopolization under the Sherman Act): Plaintiff's antitrust claim is barred by the McCarran-Ferguson Act, fails to allege an antitrust injury, and lacks essential elements of a monopolization claim;

- Count V (Federal Trade Commission Act): There is no private cause of action under the FTC Act;

- Count VI (Civil Conspiracy): The civil conspiracy claim fails because there is no underlying tort that supports such a claim;

- Count VII (Unjust Enrichment): Plaintiff does not allege the elements of an unjust enrichment claim.

- Count VIII (42 U.S.C. §1981):  Plaintiff does not allege the elements of the claim; and

- Count IX (Conspiracy pursuant to 42 U.S.C. §1985(3)):  No underlying tort supports the claim.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

## II.   PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that it is a Michigan corporation doing business in Royal Oak, Michigan operating a car rental shop.  Complaint ¶¶1, 18.  Plaintiff alleges that the "Insured (sic) Defendants" formed an "enterprise for the common purpose of defrauding Plaintiff of payment of direct bill car rental services. …" *Id*., at ¶39. Because the Defendant insurers allegedly do not have a "direct bill" relationship with Plaintiff, Plaintiff contends that the Defendant insurers have "steered" their insureds to the car rental companies with whom they did, in fact, have such direct bill relationships.  *Id* at ¶40.  This activity allegedly caused Plaintiff harm insofar as potential customers might be less willing to use Plaintiff's services because they would need to submit claims directly to their insurers.  *Id*.

Thus, Plaintiff's alleged issue appears to be that the Defendant insurers do not have direct-bill relationships with Plaintiff.  However, the Complaint does not (and could not) allege that the insurers have a legal obligation to make such arrangements, or that Plaintiff has a legal right to have such a relationship. Moreover, the Complaint does not allege that any given Defendant insurers precluded their insureds from using Plaintiff's services, that they failed to advise their insureds of their right to select a repair/rental shop of their choice, or that they denied any proper claims submitted by their insureds.  *See* Complaint.

All of this leaves Defendants questioning why they are in this lawsuit at all.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

Indeed, most of the insurer Defendants are only listed in the Caption and then on page 3 as "parties" to the case.[3]   The body of the Complaint does not refer to them at all, nor set forth any facts indicating that they specifically did something wrong, when, how, or why.[4]

## III.   LEGAL STANDARDS

Fed. R. Civ. P. 8(a)(2) requires that a complaint contains a "short and plain statement of the claim showing that the pleader is entitled to relief."  Applying this standard, the Supreme Court has articulated the threshold to plead a sufficient claim to withstand scrutiny under a Rule 12(b)(6) motion.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v Iqbal*, 556 U.S. 662, 678-79 (2009) "[A] plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal cites omitted).

---

[3] Plaintiff apparently mistook Defendant Farmers Automobile Insurance Association with newly added Defendant Farmers Insurance Exchange, a wholly separate insurance entity. Farmers Automobile does not transact automobile insurance in Michigan; nor does it employ any of the persons identified as employees of "Farmers Insurance" in the Complaint.

[4] Plaintiff proffers a few particular allegations against a "Farmers Insurance" entity throughout the Complaint, which appear to relate to newly added Defendant Farmers Insurance Exchange.  Plaintiff contends that "Farmers Insurance" was motivated by racial bias against the owner of Plaintiff (Complaint, ¶32) and that a Farmers Insurance and/or Bristol West employee used racially charged language when speaking with Plaintiff's owner in May 2012.  *Id*., at ¶31-32.  These allegations do not save an otherwise illogical and deficient Complaint.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

This standard changed the earlier rule where "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim . . . ." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1050 (6th Cir. 2011). But under the new *Twombly* and *Iqbal* standard, the Court interpreted Rule 8 to require enough factual allegations to support a plausible claim on its face. *Twombly*, 550 U.S. at 555-56. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. at 555 n.3.

## IV.   ARGUMENT

The Complaint is subject to dismissal under both Rule 8(a)(2) and Rule 12(b)(6) for the reasons explained below.

### A.   Rule 8(a)(2): Plaintiff Fails To Identify What Each Defendant Supposedly Did, When, Why, How, And To Whom.

Plaintiff's Complaint does not satisfy Rule 8(a) or *Iqbal* in two key respects. First, Plaintiff impermissibly lumps all defendants together throughout the Complaint without differentiating among them. *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 2003) (lumping together multiple defendants in one allegation fails to meet the notice requirements under Rule 8(a)); *see also Atuahene v. City of Hartford*, 10 Fed. App'x 33, 2001 WL 604902 (2d Cir. May 31, 2001) ("By lumping all the defendants together in each claim and providing no factual

5

basis to distinguish their conduct, [plaintiff's] complaint failed to satisfy this minimum standard . . . ."); *In re Sagent Tech., Inc.,* 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) ("[T]he complaint fails to state a claim because plaintiffs do not indicate which individual defendant or defendants were responsible for which alleged wrongful act."). Here, Plaintiff's Complaint alleges a conspiracy and group-wide activity among thirteen defendants to "steer" consumers away from Plaintiff. But other than proffer this generic theory, the Complaint provides no specificity to support the RICO, antitrust, and other claims in the Complaint. As such, Plaintiff's vague allegations that indiscriminately embrace all "defendants" are "precisely the type of naked conspiratorial allegations rejected by the Supreme Court in Twombly." *In re Travel Agent Commission Antitrust Litig.*, 583 F.3d 896, 905 (6th Cir. 2009).

Second, the Complaint is likewise deficient because it contains mere labels and conclusions, and virtually no factual allegations to support a finding of plausibility. *Iqbal* emphasizes that a complaint must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678 (quoting *Twombly*). Detail is particularly important in a case like ours, where the Plaintiff alleges a variety of fraudulent and conspiratorial conduct. In *Mich. Div. Monument Builders v. Mich. Cemetery Ass'n*, 458 F. Supp. 2d 474, 485 (E.D. Mich. 2006), aff'd 524 F.3d 726 (6th Cir. 2008), the Court explained that

6

"[p]laintiffs cannot escape their burden of alleging that each defendant participated in or agreed to join the conspiracy by using the term 'defendants' to apply to numerous parties without any specific allegations as to any individual … defendant."  Rather, a complaint must specify each defendant's involvement in the alleged conspiracy.  *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d at  445; *see also Murray v. Chrysler Group, LLC*, 2013 U.S. Dist. LEXIS 135217, at *13 (E.D. Mich. September 23, 2013) (dismissing complaint that offers only bare allegations "without any reference to the 'who, what, where, when, how or why'").

Plaintiff's Complaint falls short of this pleading requirement.  It alleges a conspiracy and group conduct among thirteen different entities but does not describe how each Defendant joined the common conspiracy or explain the role that they played.  In fact, other than listing each among the "parties" on page 3 of the Complaint, none of the Insurance Defendants other than Farmers Insurance Exchange and Bristol West are mentioned in the body of the Complaint.  None is on notice as to their alleged role in the RICO, antitrust and discriminatory conspiracies, nor as to their connection to the other common law and statutory violations.

   **B.    Rule 12(b)(6): The Individual Counts Do Not State A Plausible Claim For Relief.**

   **1.    <u>Count I: Plaintiff fails to allege essential elements and detail sufficient to state a claim under RICO.</u>**

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

Plaintiff contends that the Defendants "formed an enterprise for the common purpose of defrauding Plaintiff of payment for direct bill car rental services and discouraging potential customers, through false statements and/or omissions, to utilize other car rental companies." Complaint, ¶39. This alleged "steering" activity appears to be the crux of Plaintiff's RICO claim. *Id*., at ¶42 (alleging "steering" in violation of MCL 500.2110b as support for the RICO claim). Defendants supposedly used mail and wire fraud to effectuate their alleged "steering" violation. Yet Plaintiff cannot articulate how a purported violation of MCL 500.2110b, which is not a criminal statute and which Plaintiff may not enforce in any event (*see infra*, Section IV(B)(3)), could form the basis of a RICO "predicate act." The RICO claim, therefore, is deficient for this reason alone; Plaintiff must allege the existence of a viable criminal "predicate" offense, but has not done so here. *United States v. Johnson*, 440 F.3d 832 (6th Cir. 2006) (listing elements of RICO claim and requiring the existence of predicate offenses); *DirectTV, Inc. v. Milliman*, 2003 WL 23892683, *4 (E.D. Mich., Aug. 26, 2003) (Cohn, J.) (dismissing RICO claim in part because the plaintiff failed to allege a predicate act and instead did little more in its complaint than recite the words from the RICO statute).

Even if Plaintiff's RICO claim was construed as being premised on fraudulent conduct aside from an alleged violation of MCL 500.2110b, it still fails

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

as a matter of law due to its failure to plead RICO elements with particularity. "To sustain a RICO claim beyond the pleading stage, plaintiffs must allege specific facts establishing each and every element of the claim." *Heaton v. Bank of America Corp.*, 2011 WL 3112325 (E.D. Mich. 2011) (Cohn, J.).

Count I contains buzzwords and boilerplate, but contains few specific factual allegations. Plaintiff does not distinguish among the Defendants, nor identify which one supposedly did what, when, where, or why. Plaintiff's RICO claim should be dismissed due to this lack of particularity because none of the allegations explain – in any operational sense – exactly what anyone did wrong. *See Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 494 (6th Cir. 1990).

This deficiency is particularly obvious in the paragraphs purporting to identify the "enterprise" and the alleged "pattern of racketeering." Complaint at ¶39-41. For purposes of RICO, an "enterprise includes any union or group of individuals associated in fact" for the "common purpose of engaging in a course of conduct." *Boyle v. United States*, 556 U.S. 938, 944, 129 S.Ct. 2237, 173 L.Ed. 2d 1265 (2009). Such an association must have at least three structural features: "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Id.*, at 2244. Although *Boyle* indicates that an association-in-fact need not be a business-like entity and that a clear "hierarchy" is unnecessary, the association still must

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

have some distinct structure. *Id*. at 2237. There is no alleged structure to the "enterprise" alleged in Plaintiff's RICO claim. Plaintiff merely indicates that the Defendants had a common purpose and engaged in improper acts. (Complaint, Count I). But Plaintiff makes no effort to explain the relationships among the Defendants or claim that they had a specific structure with sufficient longevity to perpetuate a scheme.

Next, there is no reference as to how any of the specific Defendants committed any acts of "racketeering activity" contemplated by the RICO statute. Rule 9(b) mandates that the plaintiff plead facts from which fraud may be reasonably inferred as to each individual defendant. *See Hoover v. Langston Equip. Assoc., Inc.*, 958 F.2d 742 (6th Cir. 1992); *Hall Am. Ctr. Assoc., Ltd. Partnership v. Dick*, 726 F. Supp. 1083, 1089 (E.D. Mich. 1989). Specific allegations are required "as to which defendant caused what to be mailed (or made which telephone calls), and when and how each mailing (or telephone call) furthered the fraudulent scheme." *See Berent v. Kemper Corp.*, 780 F. Supp. 431, 448 (E.D. Mich. 1991), aff'd, 973 F.2d 1291 (6th Cir. 1992).

In *Gotham Print, Inc. v. American Speedy Printing Centers, Inc.*, 863 F. Supp. 447 (E.D. Mich. 1994), the plaintiff alleged state law fraud claims and civil RICO claims based upon mail and wire fraud. The defendants moved to dismiss the RICO claims on the basis of plaintiff's failure to allege the commission of

predicate acts of mail and wire fraud with adequate particularity.  In granting the

defendants' motion, the court held that precise allegations were required as to each

defendant:

> [Plaintiff's] Complaint . . . fails to specifically assert which Defendant
> made which misrepresentations or when.   While Plaintiff has
> enumerated some of the particular alleged representations upon which
> it relies, Plaintiffs have failed to set out which Defendant mailed
> which written item or made which telephone call, nor have they given
> and dates of such mailings or telephone calls.

*Gotham Print*, 863 F. Supp. at 458.   Plaintiff here, like the plaintiff in

*Gotham Print*, has failed to allege the commission of predicate acts of mail or wire

fraud with the particularity required under Fed. R. Civ. P. 9(b).  Finally, Plaintiff

fails to plead specific elements of  Sections 1962(c), which is the principal sub-

section underlying the RICO claim.  Section 1962(c) provides:

> It shall be unlawful for any person employed by or associated with
> any enterprise engaged in, or the activities of which affect, interstate
> or foreign commerce, to conduct or participate, directly or indirectly,
> in the conduct of such enterprise's affairs through a pattern of
> racketeering activity or collection of unlawful debt.

The key to Section 1962(c) is the language concerning "conducting the

affairs" of the enterprise.  To be liable under this section of RICO, the Supreme

Court has held in *Reves v. Ernst & Young*, 507 U.S. 170, 183 (1993) that "a

defendant must have not only participated in the scheme, but must also have

participated in the operation or management of the enterprise itself."  *See also,*

*Stone v. Kirk*, 8 F.3d 1079, 1091 (6th Cir. 1993).  Here, there are no allegations

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

that any given Defendant actually participated in the operation or management of the enterprise as distinct  from their alleged participation in the underlying conduct. This is an additional reason why Plaintiff's claim fails.[5]

For all of these reasons, the Court should dismiss Plaintiff's RICO claim.

### 2.   Count II: Plaintiff's Tortious Interference claim is not premised on any improper conduct.

The tortious interference count must be dismissed because (1) plaintiff fails to allege a per se wrongful act, or a lawful act done with malice and unjustified in law, and (2) defendants have a legitimate business interest in directing customers toward rental service providers with whom they have a contractual relationship.

### a.   *Plaintiff fails to allege a per se wrongful act or a lawful act which was not justified by law.*

Under Michigan law,

[O]ne who alleges tortious interference with a contractual or business relationship must allege the intentional doing of a per se wrongful act or the doing of a lawful act with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another.

*Prysak v. R. L. Polk Co.*, 193 Mich. App. 1, 12; 483 N.W.2d 629 (1992) (citations omitted). "A wrongful act per se is an act that is inherently wrongful or an act that

---

[5]   Plaintiff's derivative claim under 1962(d) fails as a consequence too. Plaintiffs cannot maintain a claim under § 1962(d), where that claim is based on a conspiracy to violate § 1962 (c) and it has not established a viable claim under that section.  *Baglio v. Baska*, 940 F. Supp. 819, 836 (W.D. Pa. 1996), *aff'd* 116 F.3d 467 (1st Cir. 1997).

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

can never be justified under any circumstances." *Id*. at 12-13.  For a lawful act to be actionable, plaintiffs must allege that the defendant acted with malice, that the action was unjustified, and that the interference was "improper."   To be "improper," the defendant's actions must be "illegal, unethical, or fraudulent." *Trepel v. Pontiac Osteopathic Hosp*, 135 Mich. App. 361, 374; 354 N.W.2d 341 (1984), lv den, 422 Mich.  853 (1985) (affirming summary disposition of tortious interference count).   Moreover, the "plaintiff must demonstrate, with specificity, affirmative acts by the interferer which corroborate the unlawful purpose of the interference." *Mich. Podiatric Med. Assoc. v. Nat'l Foot Care Program, Inc*., 175 Mich. App. 723, 736; 438 N.W.2d 349, lv den, 453 Mich. 959 (1989) (citing *Feldman v. Green*, 138 Mich. App. 360, 378; 360 N.W.2d 881 (1984)).   The Complaint falls woefully short of these standards, as the Plaintiff has not, with specificity or otherwise, pled any affirmative acts by the Defendants that corroborate its claims that the insurance Defendants were improperly motivated by "self-interest and racial bias."  *See e.g., Creelgroup v. NGS American, Inc*., 2012 WL 1288480 (E.D. Mich., April 16, 2012) (Cohn, J.) (dismissing tortious interference claim in part because the plaintiff had not pleaded facts that would raise its right to relief above the speculative level).   There is no allegation of malice, and there is no allegation that any claimant has been precluded from utilizing Plaintiff's services.  These allegations do not have the requisite factual

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

13

support to satisfy *Iqbal*.   *See Wilkey v. Hull*, 366 Fed.Appx. 634 (6th Cir. 2010)("Absent some factual allegation that [the defendant's] actions ended or prevented a business relationship, [the plaintiff ] does not state a claim.")

Plaintiff's tortious interference claim is based on an allegation that Defendants steer their policyholders to car rental companies with which they have a direct billing arrangement.  (Complaint, ¶56-57.)  As set forth *infra*, establishing a direct billing relationship with particular entities is an action expressly permitted by Michigan law, which allows an insurer to encourage claimants to use particular vendors.  Mich. Comp. Laws §  500.2110b(1).  This alone defeats the claim.

The tortious interference claims here are similar to those presented in *Mich. Podiatric Med. Assoc.*, *supra*.  There, health care providers attempted to assert tortious interference claims against an alternative health care maintenance organization, who was alleged to have interfered with plaintiffs' abilities to provide health care to Chrysler Corporation employees.  The Court of Appeals affirmed dismissal of the tortious interference claim after determining that there was no constitutional violation:

> We agree with the trial court that plaintiffs' complaint is legally insufficient to sustain a claim for tortious interference with a business relationship.  The only conduct denominated as illegal in plaintiffs' complaint is contained in the allegations pertaining to statutory violations and actions taken pursuant to unconstitutional delegation of legislative authority.  Our prior conclusion that these claims of "illegal" activity are not sustainable compels a conclusion that

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

14

plaintiffs will be unable to establish either that defendant's conduct was wrongful per se or undertaken illegally and without justification.

175 Mich. App. at 736-37 (emphasis added).  The same result is appropriate here.[6]

> **b.**   ***The tortious interference claims fail because defendants have legitimate business reasons to seek cost effective repairs and services, and to refer their policyholders to selected vendors.***

"Where defendant's actions were motivated by legitimate business reasons, its actions would not constitute improper motive or interference." *BPS Clinical Labs v. Blue Cross & Blue Shield of Mich*. (On Remand), 217 Mich. App. 687; 552 N.W.2d 919 (1996), lv den, 456 Mich. 881 (1997), cert den, 522 U.S. 1153 (1998) (affirming grant of summary disposition of tortious interference claims based on health care insurer's preferred provider program).   Nothing in the Complaint suggests that Defendants are not motivated by their perceived statutory and contractual obligations to their insureds in engaging in the conduct challenged as constituting interference.[7]   Since the Defendants plainly have a legitimate business

---

[6] Furthermore, no-fault insurers have a statutory obligation to substantively review the fees paid for services rendered to their policyholders for the purpose of containing the cost of the no-fault system. *McGill v. Auto Ass'n*, 207 Mich. App. 402, 408; 526 N.W.2d 12 (1994).  These insurer activities are not "illegal," but required for the insurers to fulfill their statutory obligation to pay only for reasonable costs of services. *AOPP v. Auto Club Ins. Ass'n*, 176 F.3d 315, 326-27 (6th Cir. 1999) (holding it is not malicious as a matter of law for the insurer to review bills for reasonableness under the no-fault system); and *LaMothe v. Auto Club Ins. Ass'n*, 214 Mich. App. 577; 543 N.W.2d 42, 44 n.3 (1995) lv den, 453 Mich. 930; 554 N.W.2d 916 (1996) (no-fault policies compel insurers to serve a cost-containment function).  As a matter of law, there is no claim that can be made against insurers in this situation.

[7] Additionally, see Section IV(B) (8) and (9), *infra*, for more discussion as to how Plaintiff's allegations of supposed racial animus are insufficient as a matter of

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

interest in establishing direct billing arrangements with vendors who will provide reliable, cost effective rental car services to their policyholders, dismissal of the tortious interference claim is proper.

Finally, Plaintiff has also not pled any legal basis for its alleged expectation that it would *continue to be* approved as a "direct bill" vendor by any of the Defendants. *MidWest Auto Auction, Inc. v. McNeal*, 2012 WL 3478647, *14 (E.D. Mich., Aug. 14, 2012 (business expectancy must be more than mere "wishful thinking") (Cohn, J.) (citations omitted). Defendants are freely permitted to enter into, *or to end*, preferred provider arrangements under Michigan law. The Insurance Code only requires that the insurer notify policyholders when the insurer encourages the use of a service vendor with which it has a contract. Mich. Comp. Laws § 500.2110b(2). Accordingly, no claim is stated.

### 3.   Count III: There is no private cause of action under Chapter 21 of the Michigan Insurance Code.

Plaintiff's third claim is based on Section 2110b of the Michigan Insurance Code, MCL §500.2110b. Count III depends on this Court determining that there is a private cause of action for enforcement of the provisions of Chapter 21 of the Michigan Insurance Code, Mich. Comp. Laws § 500.2101 *et seq*, including Section 2110b. Plaintiff contends that the Defendants violated Mich. Comp. Laws § 500.2110b by unreasonably restricting their insureds from using Plaintiff's car law to state a claim in this case.

rental service.  Even if the allegation is assumed to be true (which it is not) for

purposes of this motion only, the Sixth Circuit has held that there is no private

cause of action for a violation of Chapter 21.

In *McLiechey v. Bristol West Ins. Co*., 474 F.3d 897 (2007), the plaintiff

filed a class action alleging that the insurer had violated provisions of Chapter 21

by using insurance rates alleged to be discriminatory, among other things.  The

Court dismissed the complaint holding:

> On appeal, the McLiecheys challenge the district court's decision to
> dismiss the Chapter 21 claim, arguing that the remedy that Chapter 21
> provides is plainly inadequate, and, therefore, the courts should infer
> that the Michigan legislature intended to create a private cause of
> action. … Both arguments are without merit and the McLiecheys
> cannot pursue a private cause of action against Bristol West under
> either Chapter 21 or the Consumer Protection Act.

474 F.3d at 900.  In an extensive explanation, the Sixth Circuit further found that

the existing remedies provided under Chapter 21 for enforcement of its provisions

are exclusive and not "plainly inadequate," and therefore no private cause of action

could be stated.  *Id*. at 900-902.[8]  *McLiechey* is dispositive of Count III.[9]

---

[8]  The Legislature left all enforcement activities for violations of Chapter 21
in the hands of the Commissioner of Insurance (now called the Director of the
Department of Insurance and Financial Services).  *See e.g*., MCL 500.2113 and
500.2114.  Moreover, the Legislature authorized the Commissioner to develop a
plan to inform consumers of their rights regarding insurance coverage of
automobile repairs, including the right to report violations directly to the
Commissioner's office.  MCL 500.2110b(3).  The Legislature did not authorize a
claim for damages in the event that Chapter 21 is not satisfied.

[9]  Notably, Plaintiff misconstrues Section 2110b of the Insurance Code in
any event.  This provision is not an "anti-steering" statute, as Plaintiff repeatedly
calls it in the Complaint.  To the contrary, the statute confirms that insurers may

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

17

### 4.   Count IV: The purported Sherman Act monopolization is fatally flawed for numerous reasons.

Count IV of the Complaint alleges that Defendants violated Section 2 of the Sherman Act by attempting to monopolize and restrain trade in allegedly acting together to steer customers to their own businesses and away from Plaintiff's car rental business.  (Complaint, ¶¶66-70).

The most obvious flaw is that the McCarran-Ferguson Act, 15 U.S.C. §1012 (1999) (the "McCarran-Ferguson Act"), bars Plaintiff's antitrust claims as to the insurer defendants.   The McCarran-Ferguson Act expressly exempts insurer activities from the reach of the Sherman Act when the challenged activity (1) is part of the "business of insurance," (2) is regulated by state law, and (3) does not constitute a boycott of *unrelated* transactions. *Id*.; *see also, Gilchrist v. State Farm Mutual Automobile Ins. Co*., 390 F.3d 1327, 1330 (6th Cir. 2004) (dismissing antitrust claims related to alleged conspiracy to improperly limit coverage for auto body repairs).

Plaintiff's allegations confirm that these factors apply here.  The crux of Plaintiff's claim is that, in the course of the insurer Defendants' performance of contractual duties under insurance policies, *i.e.,* interacting with policyholders

---

refer their insureds to particular repair shops so long as they advise them that they have options to go elsewhere and do not "unreasonably restrict" such options. MCL §500.2110b.  (This is another reason why the tortious interference claim fails too).

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

regarding obtaining policy benefits such as auto repairs, the insurer Defendants engaged in improper collusive conduct.  Interacting with insureds regarding policy benefits is paradigmatic activity that falls within the "business of insurance."  *Id*., at 1331 ("the performance of an insurance contact – including the adjustment of claims – constitute the business of insurance") (*citing Group Life & Health Ins. Co. v. Royal Drug Co*., 440 U.S. 205, 224, 99 S.Ct. 1067, 59 L.Ed2d 261 (1979) and *United States Dept. of Treasury v. Fabe*, 508 U.S. 491, 503, 113 S.Ct. 2202, 124 L.Ed.2d 449 (1993)).

And Plaintiff admits that the activity is "regulated by state law," insofar as it alleges that the challenged activity violates MCL 500.2110b, which, as noted above, is a provision within Chapter 21 of the Michigan Insurance Code.  Clearly, the Michigan Legislature has "regulated" aspects of how insurers may interact with policyholders concerning automobile repairs.

Finally, the challenged conduct concerns primary transactions between insurers and their policyholders regarding policy benefits. *Gilchrist* at p. 1335. There is nothing "collateral" about the defendants' alleged actions to steer customers to other car repair and rental businesses; those transactions are at the very core of the Complaint and the "business of insurance."  For all these reasons, McCarran-Ferguson Act applies here, and expressly bars Count IV.

But even if the McCarran-Ferguson Act did not apply, Plaintiff has not alleged an antitrust claim that can withstand scrutiny.    As a threshold matter, Plaintiff lacks antitrust standing, which encompasses at least two requirements: (A) an injury in fact proximately caused by the alleged wrongful conduct; and (B) "antitrust injury," defined as "(1) injury of the type the antitrust laws were intended to prevent and (2) that flows from that which makes defendants' acts unlawful;" *See*, *NicSand, Inc. v. 3M Co.*, 507 F.3d 442, 449-50 (6th Cir. 2007).  Establishing "antitrust standing" requires pleading sufficient facts regarding "the plaintiff's harm, the alleged wrongdoing by the defendants, and the relationship between them." *Associated Gen. Contractors of California, Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 535 (1983).

Plaintiff's allegations of harm in Count IV are non-specific and untethered to particular antitrust conduct.  Plaintiff fails to allege how any particular "antitrust" activity by the defendants <u>caused</u> an injury distinct from that caused by conduct comprising the other claims, such as tortious interference.  Moreover, the conduct here is not the type of activity that the antitrust laws were meant to address because the only one allegedly harmed is Plaintiff.  The purpose of the Sherman Act is not to protect businesses from the working of the market; it is to protect the public from the failure of the market. *See Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 454, 458, 113 S.Ct. 884 (1993).  Plaintiff's allegations fail as a matter of law

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

20

because a "complaint alleging only adverse effects suffered by an individual competitor cannot establish an antitrust injury." *Care Heating & Cooling, Inc. v. American Standard, Inc*., 427 F.3d 1008, 1014-15 (6th Cir. 2005), *see also*, *Baum Research & Dev., Inc. v. Hillerich & Bradsby Co., Inc.*, 31 F. Supp. 2d 1016, 1022-23 (ED Mich. 1998); *MidWest Auto Auction, Inc. v. McNeal*, 2012 WL 3478647, *5 (E.D. Mich., Aug. 14, 2012 (plaintiff lacked antitrust standing where it had alleged only an injury to itself ) (Cohn, J.) (citations omitted).   Other than a conclusory assertion that Defendants' actions may eliminate "competitive options for potential customers" (Complaint, ¶68), there are no particularized allegations showing an adverse impact on the market or public as a whole. *Id*.

Additionally, Plaintiff has not alleged the elements of a monopolization claim.  A plaintiff must prove (1) the possession of monopoly power in a relevant market, and (2) the willful acquisition, maintenance or use of that power by anti-competitive or exclusionary means as opposed to growth or development resulting from a superior product, business acumen, or historic accident.  *See Brighton Optical, Inc. v. Vision Service Plan*, 422 F. Supp. 2d 792, 805 (E.D. Mich. 2006) (citations omitted).  A plaintiff also must prove that the defendant had the intent to exclude competition. *Id*.

The allegations in Count IV do not fit these elements.  Indeed, a Section 2 monopolization claim against *thirteen* different defendants does not even make

21

common sense given the most basic notion of a "monopoly." *See Hamilton County Board of Commissioners v. The National Football League*, 445 F.Supp.2d 835 (S.D. Ohio, 2005) (a plaintiff must allege that a "particular defendant" possesses monopoly power in a properly defined relevant market) (citations omitted). The idea that numerous defendants, some of whom are in entirely different businesses, could collectively obtain "monopoly power" (Complaint ¶42), is counterintuitive at best. Courts have rejected arguments that Section 2 claims may be premised on concepts of a "shared" monopoly. *Id.; see also, Santana Products, Inc. v. Sylvester & Associates, Ltd.*, 121 F.Supp.2d 729, 737 (E.D.N.Y. 1999) ("Most district courts that have addressed the viability of a shared monopoly theory under Section 2 have rejected it as contrary to the plain language and legislative intent of the Sherman Act").[10]

For all these reasons, Count IV must be dismissed.

### 5.   Count V: The FTC Act claim should be dismissed because there is no private right of action.

------

[10] Even if the claim was focused on just one defendant, Plaintiff has not alleged that any defendant has market power in a relevant market. Plaintiff does not identify the contours of a relevant geographic or product market at all, let alone that one of the twelve defendants has monopolistic power in it. *See e.g.*, *Brighton CD Antitrust Litig*, 200 FRD 326, 331 (ED Mich. 2001). Market power "must be alleged in more than vague and conclusory terms to prevent the dismissal of the complaint." *Foundation for Interior Design Educ. Research v. Savannah College of Art & Design*, 73 F. Supp. 2d 829, 837 (WD Mich. 1999).

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

The Court likewise can quickly dispose of Plaintiff's Count V, which purports to state a claim under the Federal Trade Commission Act ("FTCA"). It is well-established that the FTCA does not provide a private cause of action. *Morales v. Walker Motors Sales, Inc.*, 162 F.Supp.2d 786, 790 (S.D.Ohio 2000) ("Courts have uniformly held that a private right of action does not exist under § 5 of the FTCA." (citing cases from the Second, Fifth, Ninth, Tenth, and D.C. Circuits, as well as the Western District of Kentucky and Southern District of Ohio)); se*e FTC v. Owens–Corning Fiberglas Corp.*, 853 F.2d 458, 464 (6th Cir.1988) ("USR may not, as a private party, invoke the jurisdiction of the federal courts to enforce the Federal Trade Commission Act. Congress has clearly limited the invocation of jurisdiction under the FTC Act to the Commission itself."). Therefore, Count V of the Complaint should be dismissed.

### 6.    Count VI: Plaintiff cannot proffer a civil conspiracy claim where there is no underlying tort.

"A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Assoc.*, 257 Mich.App. 365, 384, 670 N.W.2d 569 (2003), aff'd 472 Mich. 91, 693 N.W.2d 358 (2005) (citation omitted). To establish civil conspiracy, "it is necessary to prove a separate, actionable tort." *Id.* (citation omitted). As discussed above, Plaintiff has failed to establish actionable

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

claims for any torts or improper conduct.  Therefore, Plaintiff's civil conspiracy claims fail as a matter of law.

### 7.     Count VII: The Unjust Enrichment Claim is not logical and does not allege the requisite elements.

The elements of a claim for unjust enrichment are: (1) receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant.  *Barber v. SMH, Inc*., 202 Mich. App. 366, 375 (1994).  In such instances, the law operates to imply a contract in order to prevent unjust enrichment.  *Id*.  Here, however, Plaintiff contends that the defendant insurers conferred a benefit on defendant car rental companies by virtue of steering business to them, and that it would be unjust to allow the Defendant car rental companies to keep such benefits.  Complaint, ¶¶85-86.   Plaintiff does not even allege that it conveyed a benefit on defendant insurers in the first place. Count VII simply does not make any sense and should be dismissed along with the rest of the Complaint.

### 8.     Count VIII: The 42 U.S.C. § 1981 Fails Under The Twombly/Iqbal Plausibility Standard

42 U.S.C. § 1981 requires a plaintiff to plead that "(1) he belongs to an identifiable class of persons who are subject to discrimination based on their race; (2) the defendant intended to discriminate against him on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in section

24

1981(a)." *Amini v. Oberlin Coll.*, 440 F.3d 350, 358 (6th Cir. 2006).   Plaintiff only asserts a handful of facts that could arguably support such a claim: (1) he had a direct-billing relationship with certain defendants; (2) some of the defendants met at the National Insurance Crime Bureau; (3) after the meeting, the direct-billing relationship between Plaintiff and certain defendants was terminated; and (4) three individuals who worked for one of the defendants made discriminatory remarks about Plaintiff <u>after</u> the direct-billing relationship was revoked.   The question under *Twombly* and *Iqbal* is whether that raises a plausible claim that "the defendant[s] intended to discriminate against him on the basis of race." *Amini*, 440 F.3d at 358.

Plaintiff alleges no set of facts beyond bare and conclusory allegations from which a reasonable person could infer that Mr. Waad's race factored into the decision of several defendants to terminate the direct-billing relationship. *See Sam Han v. University of Dayton*, 13-3048, 2013 WL 5943207, at *4 (6th Cir. Nov. 5, 2013) ("Plaintiff alleges no set of facts, beyond . . . bare and conclusory assertions, from which a reasonable person could infer how his race or gender factored into the University's decisions regarding his employment or caused him to lose his job, as opposed to any other, non-discriminatory basis for decisions regarding his employment."); *Abdullah v. Small Bus. Banking Dep't of Bank of Am.*, 532 F. App'x 89, 91 (3d Cir. 2013) (finding that allegation that the only explanation for

25

the "appellees' conduct was racial discrimination is a legal conclusion not entitled to be assumed true). There could be any number of reasons that certain defendants would revoke Plaintiff's direct-billing ability, and Plaintiff has failed to plead facts showing that his loss of this status (and the alleged resultant loss of customers) occurred because of a discriminatory reason as opposed to any other reason for the change. *Sam Han*, 2013 WL 5943207, at *4. Indeed, he can only allege that certain employees of a single defendant made discriminatory remarks about him after his direct-billing ability was revoked. Plaintiff has wholly failed to plead any fact that suggests the decision, allegedly made at the National Insurance Crime Bureau meeting, to revoke the direct-billing ability was racially motivated. As a result, his claim must be dismissed.

**9.      Count IX: The 42 U.S.C. § 1985 Claim Fails Because The Predicate §1981 Claim Fails And Also Fails Under The *Twombly/Iqbal* Plausibility Standard**

Plaintiff's claim under 42 U.S.C. § 1985 requires a plaintiff to plead and prove: (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994). Section 1985(3) is a "purely remedial rather than substantive statute; its

26

aim is to provide an effective remedy for private conspiracies that violate otherwise existing rights. *Volunteer Med. Clinic, Inc. v. Operation Rescue*, 948 F.2d 218, 226 (6th Cir. 1991); see also *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 833 (1983); *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 349 (4th Cir. 2013). The plaintiff must allege that "the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus." *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir.1999).

Plaintiff's § 1985 claim fails for two reasons. First, because § 1985(3) is a remedial statute, Plaintiff must assert the violation of an underlying right. Plaintiff predicates his § 1985(3) claim, upon the alleged violation of § 1981. Complaint, ¶100. Because his § 1981 claim fails for the reasons discussed above, so too should his § 1985(3) claim. Second, Plaintiff's allegations of conspiracy are "unsupported, speculative, and conclusory." *Prasad v. City of New York*, 370 F. App'x 163, 165 (2d Cir. 2010) (quoting *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir.1997)). The complaint fails to adduce any evidence of racially-driven concerted action amongst the multiple defendants. *Maxberry v. Sallie Mae Educ. Loans*, 532 F. App'x 73, 75 (3d Cir. 2013). At most the complaint alleges racially-motivated action by three individuals who work for one or two defendants, but Plaintiff completely fails to connect these statements to the decision to revoke

27

Plaintiff and certain defendant's direct-billing relationship.  Therefore, this claim should be dismissed for failure to state a claim.

## V.   CONCLUSION

The Court should dismiss all claims against Bristol West Insurance, 21st Century Insurance Company, Foremost Insurance Company, Farmers Insurance Exchange, Citizens Insurance Company of America, the Farmers Automobile Insurance Association, and Auto Club Group Insurance Company in this lawsuit.

By:  /s/ Benjamin W. Jeffers
Benjamin W. Jeffers (P57161)
Dykema Gossett PLLC
*Attorneys for Defendants Bristol West*
  *Insurance Company; 21st Century*
  *Insurance Company, Farmers*
*Insurance Exchange and Foremost*
  *Insurance Company*
400 Renaissance Center
Detroit, MI  48243
(313) 568-5340
bjeffers@dykema.com

By:  /s/ Lori McAllister
Lori McAllister (P39501)
Dykema Gossett PLLC
*Attorney for Defendant Citizens*
  *Insurance Company of America*
201 Townsend Street, Suite 900
Lansing, MI  48933
(517) 374-9150
lmcallister@dykema.com

By: /s/ Donald C. Brownell (w/consent)
Donald C. Brownell (P48848)
Vandeveer Garzia, P.C.
*Attorney for Defendant Auto Club*
  *Group Insurance Company*
1450 W. Long Lake Rd., Suite 100
Troy, MI  48098
(248) 312-2800
dbrownell@vgpclaw.com

By: /s/ Ryan M. Shannon (w/consent)
Joseph A. Fink (P13428)
Ryan M. Shannon (P74535)
Dickinson Wright PLLC
*Attorneys for Defendant Farmers*
  *Automobile Insurance Association*
215 S. Washington Square, Suite 200
Lansing, MI  48933
(517) 371-1730
rshannon@dickinsonwright.com

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

28

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2014, my assistant electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

By: /s/ Benjamin W. Jeffers
Benjamin W. Jeffers (P57161)
Dykema Gossett PLLC
*Attorneys for Defendants Bristol West*
 *Insurance Company; 21st Century*
 *Insurance Company and Foremost*
 *Insurance Company Grand Rapids,*
*Michigan*
400 Renaissance Center
Detroit, MI  48243
(313) 568-5340
bjeffers@dykema.com

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243