UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARKS ONE CAR RENTAL, INC., MARKS
ONE LLC, d/b/a/ MARKS ONE COLLISION,
and MAHER WAAD,

    Plaintiffs,

vs.                                                      Case No. 13-14610

FARMERS INSURANCE EXCHANGE,            HON. AVERN COHN

    Defendant.
_____/

## ORDER DENYING WITHOUT PREJUDICE FARMERS' MOTION TO COMPEL THE DEPOSITION OF STEVEN A. HANEY (Doc. 267) [1]

I.

This is a business tort case. Plaintiffs Marks One Car Rental, Inc., Marks One, LLC, Marks One Collision (collectively Marks One) and Maher Waad (Waad) are suing Farmers Insurance Exchange (Farmers).[2] Plaintiffs make the following claims:

    Count I - Tortious Interference with Business Expectancy

    Count II - Defamation

    Count IV - Civil Conspiracy

    Count V - Unlawful Discrimination under 42 U.S.C. § 1981

Broadly stated, plaintiffs allege that Farmers has defamed plaintiffs to customers and potential customers in their respective fraud investigations of plaintiffs' repair and

---

[1] Although originally scheduled for hearing, upon review of the parties' papers, the Court deems these matters appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] Plaintiffs initially sued several insurance companies. Following motion practice and stipulations, only Farmers remains as a defendant.

rental activity. Plaintiffs contend defendants' investigations were unfounded and caused a loss of business. They further contend that certain employees of Farmers used racial slurs and have a racial bias against Waad, an Arab-American.³

Before the Court is Farmers' motion to compel the deposition of Steven Haney. For the reasons that follow, the motion will be denied without prejudice.

II.

The background of Haney's representation of plaintiffs and his relationship with Farmers is set forth in Farmer's motion to disqualify Haney (Doc. 159) and will not be repeated in detail here. Briefly, Haney initially represented plaintiffs when the complaint was filed.⁴ Farmers moved to disqualify Haney based upon Haney's prior representation of Farmers in a 2010 insurance investigation involving Waad in which Haney generated a report critical of Waad. Farmers anticipated Haney would be a witness and therefore maintained his representation of plaintiffs was improper. Haney subsequently withdrew from representing plaintiffs before the Court ruled on the motion. (Doc. 174).

Farmers noticed Haney for deposition. Haney objected. The parties then exchanged correspondence which in part discussed whether Farmers had properly and fully waived the attorney client privilege. Eventually, Farmers filed the instant motion to

---

³In addition to the instant case, plaintiffs filed a second lawsuit against Farmers, a Farmers employee, and various police officers and other public officials claiming civil rights violations. Haney represents plaintiffs in the civil rights case which is pending before the undersigned. Waad v. Farmers, et al., 16-13362. Farmers filed a motion to disqualify in the civil rights case Haney which was rendered moot when the Court dismissed Farmers and its employee from the case. See Doc. 33 in case no. 16-13362.

⁴Since the filing of the complaint, plaintiffs have had multiple counsel appear and later withdraw, which has contributed in part to the slow progress of the case. Plaintiffs' current counsel appeared in June of this year.

compel. (Doc. 267). Both Haney and plaintiffs' counsel have filed responses. (Docs. 269, 271). Farmers filed a reply. (Doc. 271).

Meanwhile, on September 8, 2017, Farmers filed a motion for summary judgment on all of plaintiffs' claims. (Doc. 273). The parties have stipulated that plaintiffs' response to the motion is due October 11, 2017. (Doc. 276).

III.

Under the circumstances, the better course is to deny Farmers' motion without prejudice in light of Farmers' pending summary judgment motion. By moving for summary judgment, it appears that Farmers believes the case can be resolved without a need for Haney's testimony.[5]

Accordingly, Farmers' motion is DENIED WITHOUT PREJUDICE. The Court will consider the issue, if necessary, after ruling on Farmers' summary judgment motion. Further, Haney's request, which is not memorialized in a separate motion, to be reinstated as counsel for plaintiff is DENIED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: October 5, 2017
      Detroit, Michigan

---

[5]Indeed, in its reply brief Farmers asks that the Court defer ruling on the motion to compel until the summary judgment motion is resolved.