UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARKS ONE CAR RENTAL, INC., MARKS
ONE LLC, d/b/a/ MARKS ONE COLLISION,
and MAHER WAAD,

    Plaintiffs,

vs.                                                          Case No. 13-14610

FARMERS INSURANCE EXCHANGE,            HON. AVERN COHN

    Defendant.
_____/

**ORDER DENYING PLAINTIFFS' REQUEST FOR A WAIVER AND OBJECTIONS TO DEFENDANT'S BILL OF COSTS AND REQUEST FOR A STAY OF PROCEEDINGS PENDING APPEAL (Doc. 292)**

I. Introduction

This is a business tort case. Marks One Car Rental, Inc., Marks One, LLC, Marks One Collision (collectively Marks One) and Maher Waad (Waad), collectively "plaintiffs," sued Farmers Insurance Exchange (Farmers).[1] Broadly stated, plaintiffs alleged that Farmers defamed plaintiffs to customers and potential customers during fraud investigations into plaintiffs' repair and rental activity. The Court granted Farmers' motion for summary judgment (Doc. 285). Plaintiffs have appealed. (Doc. 288). Farmers filed a Bill of Costs. (Doc. 286). The Clerk taxed costs in the amount of

---

[1] Plaintiffs initially sued several insurance and car rental companies. Following motion practice and stipulations, only Farmers remained as a defendant. See Doc. 70 (Enterprise Leasing), Doc. 71 (Hertz Corporation), Doc. 87 (Titan Insurance, Allied Insurance, Nationwide Insurance), Doc. 88 (HelpPoint Claims Services), Doc. 141 (Bristol West Insurance, Foremost Insurance, 21st Century Insurance), Doc. 234 (Auto Club Group), Doc. 248 (Geico Insurance), and Doc. 262 (Citizens Insurance).

$9,576.05 (Doc. 290).

Before the Court is plaintiffs' paper styled "Plaintiffs' Request for a Waiver and Objections to Defendants' Bill of Costs and Request for a Stay of Proceedings Pending Appeal." (Doc. 292). For the reasons that follow, the request is DENIED.

## II. Plaintiffs' Motion

### A. The Taxed Costs Were Appropriate

As an initial matter, Fed. R. Civil P. 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1) The categories of recoverable costs are set forth in 28 U.S.C. § 1920 and in the Eastern District of Michigan's Bill of Costs Handbook. The costs requested by Farmers and awarded by the Clerk all fall within the requisite categories, i.e. service fees, court reporter fees, and witness fees. In other words, the taxed costs were accurate and appropriate.

### B. Plaintiffs are Not Entitled to a Wavier of the Taxed Costs

Plaintiffs seek a waiver of the taxed costs. In considering whether to waive taxed costs, a court looks to factors such as whether: 1) the costs are "unnecessary or unreasonably large;" 2) whether the prevailing party "unnecessarily prolong[ed] trial or inject[ed] unmeritorious issues;" and 3) if the case was "close and difficult." White & White, Inc. v. Hosp. Supply Corp., 786 F.2d 728, 730 (internal quotations omitted). Factors the trial court should not consider include "the size of a successful litigant's recovery, and the ability of the prevailing party to pay his or her own costs." Id. Moreover, the "good faith a losing party demonstrates in filing, prosecuting or defending an action" is an "insufficient basis for denying costs." Id.

2

Here, plaintiffs says that the taxed costs should be waived because "the litigation raised serious questions that were not readily or necessarily properly resolved," that their own costs were significant, and that "[l]itigants should not be fearful of bringing legitimate claims and the imposition of costs without thoughtful consideration raises such fears." (Doc. 292.) None of these asserted grounds are relevant and do not provide a reason to deviate from the presumption that costs should be assessed. As such, plaintiffs' request to waive costs is denied.

C. Plaintiffs are Not Entitled to a Reduction in the Taxed Costs

Plaintiffs also request that the Court waive or reduce some of the taxed costs incurred with respect to certain deposition transcripts because plaintiffs have identified various different prices per page charged by the same court reporting company. Plaintiffs, however, do not cite any authority to challenge the reasonableness of what a third party vendor might charge. Accordingly, the are not entitled to a reduction in the amount of the taxed costs.

D. Plaintiffs are Not Entitled to a Stay Unless they Post a Bond

Finally, plaintiffs request the Court "stay the process of taxing costs until the appeal has been resolved" or until the completion Sixth Circuit Court of Appeals's mediation process. While the parties may defer proceeding on taxed costs pending appeal, they are not required to do so. See Bill of Costs Handbook, Nov. 2013 edition. Section I. B. If the Court enters a stay pending appeal, then the taxed costs will be stayed. See id.

Plaintiffs request for a stay pending appeal must be denied because they have not posted – or offered to post – a supersedeas bond as required under Fed. R. Civ. P.

62(d). The Court will not stay proceedings on the taxed costs without plaintiffs first posting a bond at an amount determined by the Court.

SO ORDERED.

S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: 6/19/2018
      Detroit, Michigan